**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
EASTERN DIVISION**

| | |
|---|---|
| SPIRIT LAKE TRIBE; COLLETTE BROWN; and LOIS LEBEN,<br><br><br>Plaintiffs,<br><br><br>v.<br><br>BENSON COUNTY, NORTH DAKOTA; BENSON COUNTY BOARD OF COMMISSIONERS; DAVID DAVISON, JOHN LUNDE, DORIS GRIFFIN, RON STADUM, AND MICHAEL STEFFAN, in their capacities as Benson County Commissioners; and BONNIE ERICKSON, in her capacity as the Benson County Auditor,<br><br><br>Defendants. | Case No. 3:22-cv-161<br><br><br>**ORDER GRANTING MOTION FOR CONSENT DECREE AND JUDGMENT** |

Before the Court is a joint motion for entry of consent decree (Doc. No. 35). Approval of a consent decree is within the informed discretion of the court. United States v. Union Elec. Co., 132 F.3d 422, 430 (8th Cir. 1997). That discretion generally should be exercised in favor of the settlement of litigation. Donovan v. Robbins, 752 F.2d 1170, 1177 (7th Cir. 1985). In reviewing a consent decree, the court must determine whether it is fair, adequate, reasonable, and consistent with the goals of the underlying legislation. Union Elec. Co., 132 F.3d at 430; see also United States v. Hercules, Inc., 961 F.2d 796, 800 (8th Cir. 1992). The role of the court is to ensure that

1

the settlement "is not illegal, a product of collusion, or against the public interest." <u>United States</u> <u>v. Colorado</u>, 937 F.2d 505, 509 (10th Cir. 1991).

The Court has carefully reviewed the entire record, the parties' filings, the consent decree, and the relevant law. The consent decree is fair, adequate, reasonable, is consistent with the goals of the underlying legislation at issue, and is in the public interest. As such, the motion (Doc. No. 35) is **GRANTED**.

**IT IS SO ORDERED.**

Dated this 24th day of April, 2023.

*/s/ Peter D. Welte*

Peter D. Welte, Chief Judge
United States District Court