**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
EASTERN DIVISION**

|  |  |
|---|---|
| SPIRIT LAKE TRIBE; COLLETTE BROWN; and LOIS LEBEN,<br><br><br>Plaintiffs,<br><br><br>v.<br><br>BENSON COUNTY, NORTH DAKOTA; BENSON COUNTY BOARD OF COMMISSIONERS; DAVID DAVISON, JOHN LUNDE, DORIS GRIFFIN, RON STADUM, AND MICHAEL STEFFAN, in their capacities as Benson County Commissioners; and BONNIE ERICKSON, in her capacity as the Benson County Auditor,<br><br><br>Defendants. | Case No. 3:22-cv-161<br><br><br>**ORDER, CONSENT DECREE, AND JUDGMENT** |

The Plaintiffs filed their complaint on October 7, 2022.  The Plaintiffs and the Defendants (the "Parties"), through counsel, have conferred and agree that it is in the best interest of the citizens of Benson County that this lawsuit be resolved without the expense of litigation. Accordingly, the Parties have agreed to enter into this Consent Decree as an appropriate resolution to this action.

1

## STIPULATED FACTS

1. The Parties agree that one of their purposes in entering into this Consent Decree is to ensure that future Commissioner elections in Benson County are compliant with the Voting Rights Act and the United States Constitution.

2. Defendant Benson County is a political and geographical subdivision of the State of North Dakota.

3. Defendant Benson County Commission is the governing body of Benson County established under the law of North Dakota.

4. Defendant Benson County Commission is composed of five members elected to four-year terms.

5. Defendants Doris Griffin and Ron Stadum are current members of the Benson County Commission. Dick Horner – current Chairman of the Benson County Commission – and Tammy Kuk are also current members of the Benson County Commission, but were not members at the time this lawsuit was commenced. Defendants John Lunde and Michael Steffan were members of the Benson County Commission when this lawsuit was commenced, but are no longer members. All of these Defendants are sued in their official capacity.

6. Defendant Bonnie Erickson is the Benson County Auditor, is the County Administrator of Elections, and is responsible to the North Dakota Secretary of State for the proper administration within Benson County of state laws, rules, and regulations concerning election procedures. She is sued in her official capacity.

7. Plaintiff Spirit Lake Tribe is a federally recognized Tribe with a substantial amount of its reservation located in, and a substantial number of its members residing in, Benson County.

A substantial number of the Native American voters in Benson County are members of the Spirit Lake Tribe.

8. Plaintiffs Collette Brown and Lois Leben are members of the Spirit Lake Tribe who reside in Benson County on the Spirit Lake Reservation.

9. On March 10, 2000, in *United States of America v. Benson County, et al.* (Case No. 2:00-cv-30 (Doc. No. 2)), this Court approved a Consent Decree and Judgment with certain requirements for Benson County, to comply with Section 2 of the Voting Rights Act (the "2000 Consent Decree"). The 2000 Consent Decree remains in full force and effect, enforceable in accordance with its terms to the extent they are consistent with this Consent Decree and all said terms and conditions of the 2000 Consent Decree are incorporated by reference herein.

10. As stated in the 2000 Consent Decree, Native Americans constituted 29.3% of the Benson County voting age population according to the 1990 Census.

11. According to the 2020 Census, Native Americans constitute 44.3% of Benson County's voting age population.

12. On or about December 28, 2021, the Benson County Redistricting Board approved a County Commission redistricting plan that approved five residency districts, and candidates for County Commission are required to run from a residency district in which the candidate resides. County Commissioners are elected on an at-large basis. The County's Commissioner election plan reduces the ability of Native American voters in Benson County to elect the candidate(s) of their choice.

13. The Native American population in Benson County is sufficiently numerous and geographically compact to constitute a majority of the voting age population in at least two

3

single-member County Commissioner voting districts under a plan containing five districts.

14. The Parties agree that Benson County's redistricting plan adopted on December 28, 2021, was created predominantly based on traditional redistricting principles, including compactness and respect for political and township boundaries.

15. The Parties agree that there is a reasonable basis from which a court could conclude that the factual findings set forth in Paragraphs 12, 14 and 15 of the 2000 Consent Decree support the legal conclusions and relief contained herein.

16. The use of at-large voting for the election of Benson County Commissioners is not consistent with the requirements of the 2000 Consent Decree.

17. The use of at-large voting for the election of Benson County Commissioners is not consistent with Section 2 of the Voting Rights Act, 52 U.S.C. § 10301(a).

IT IS **ORDERED, ADJUDGED, AND DECREED** that:

1. This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331, 1343(a)(3)-(4), 1362, 2201(a); 42 U.S.C. § 1983; and 52 U.S.C. § 10308(f). Plaintiffs have standing to bring the claims asserted in the Complaint herein. All of the above-named Defendants were properly joined as defendants in this action.

2. On or before 90 days from the date this Consent Decree is entered, Defendants shall take all necessary official action to (a) eliminate at-large voting for the election of Benson County Commissioners and (b) adopt a new plan for the election of Benson County Commissioners (the "New Election Plan") under which the County Commission residency district map adopted by the County's Redistricting Board on or about December 28, 2021, is converted into a districted map with five single-member County Commissioner election districts, with district lines to identically correspond to the existing

4

residency district lines approved by the Redistricting Board on or about December 28, 2021.

3.  On or before 30 days after this Consent Decree is entered, Defendants shall inform Plaintiffs in writing of the official actions Defendants intend to take pursuant to paragraph 2 above and shall provide Plaintiffs with the proposed form of the New Election Plan. Plaintiffs shall have until 30 days thereafter to notify Defendants of any objections to the proposed official actions or proposed New Election Plan. Any resulting disputes between the Parties shall be submitted for resolution by the Court before Defendants take the official actions or adopt the New Election Plan as required by paragraph 2 above.

4.  Subject to paragraph 5 below, compliance with this Consent Decree resolves all currently pending claims in this matter. The Parties agree that for the purposes of this Consent Decree, the New Election Plan is compliant with Section 2 of the Voting Rights Act, with the Fourteenth and Fifteenth Amendments of the United States Constitution, and with the 2000 Consent Decree.

5.  Plaintiffs have standing to bring any claim against Defendants to enforce and obtain remedies for violation of this Consent Decree. In the event of any material breach of this Consent Decree, Plaintiffs may also pursue any other claim they would otherwise have arising from the facts giving rise to such breach, including without limitation claims for violation of the 2000 Consent Decree, the Voting Rights Act, the United States Constitution, and North Dakota law.

6.  Defendants agree that the New Election Plan will remain in effect until at least the 2030 Census data is publicly released. If events arise causing the County to believe that alterations to the New Election Plan are required prior to the public release of the 2030

5

Census data, Defendants may petition the Court, with notice to all Parties, requesting permission to amend the plan. In the event of such alteration, under no circumstances shall there be at-large voting or fewer than two single-member County Commissioner election districts in which Native American voters have a meaningful opportunity to elect candidates of their choice.

7.   Defendants agree to put the New Election Plan into effect, with two of the County Commission seats (Districts 2 & 4) being elected under the New Election Plan no later than for the 2024 primary and general elections for County Commission, and with the remaining three of the County Commission seats (District 1, 3, & 5) being elected under the New Election Plan no later than for the 2026 primary and general elections for County Commission.

8.   Nothing herein shall modify Defendants' obligations under the 2000 Consent Decree, including without limitation any reporting obligations with respect to the New Election Plan.

9.   Defendants have agreed to pay Plaintiffs the amount of $12,500 in attorneys' fees due and payable no later than thirty days after the entry of this Consent Decree as a reasonable award of fees, costs and expenses for past, present and future attorneys' fees, costs and expenses, except that the Parties acknowledge that a claim for future fees by Plaintiffs will be limited to services specifically associated with a successful challenge to enforce this Consent Decree.

10.  This Court retains jurisdiction over this action pursuant to 52 U.S.C. § 10302(c) until December 31, 2032. This action shall be administratively closed and removed from the Court's docket.

11.     This Consent Decree is binding on the Parties, their successors, agents, attorneys, and assigns.

**IT IS SO ORDERED.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated this 24th day of April, 2023.

/s/ Peter D. Welte
Peter D. Welte, Chief Judge
United States District Court